IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>SOUTHERN DIVISION</u>

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| MICHAEL P. GODDARD | ) |

<u>PLEA AGREEMENT</u>

The Government and defendant **MICHAEL P. GODDARD** hereby acknowledge the following plea agreement in this case:

<u>PLEA</u>

The defendant agrees to plead guilty to **COUNT ONE** of the Information filed in the above numbered and captioned matter In exchange, the Acting United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to recommend the disposition specified below, subject to the conditions in paragraphs **VII** and **VIII**.

<u>TERMS OF THE AGREEMENT</u>

I. <u>MAXIMUM PUNISHMENT</u>

The defendant understands that the maximum statutory punishment that may be imposed for the crime of making a false statement, in violation of Title 18,

United States Code, Section 1001, as charged in COUNT ONE of the Information, is:

  a. Imprisonment for not more than 5 years;

  b. A fine of not more than $250,000.00, or

  c. Both (a and b);

  d. Supervised release of not more than 3 years; and

  e. Special Assessment Fee of $100.

## II. **FACTUAL BASIS FOR PLEA**

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

The Federal Bureau of Investigation (FBI) is part of the executive branch of the United States Government located within the United States Department of Justice. Agents of the FBI assigned to the Birmingham Field Office were investigating, among other issues, recurring monthly payments the defendant received from Davis & Associates and another entity that were funded by Health Assurance, LLC, a company that from 2007 through 2011 had contracts with the Jefferson County Sheriff's Office to provide health care to Jefferson County jail inmates.

In or about February 2007, the Jefferson County Sheriff's Office and Health Assurance entered into a contract whereby Health Assurance would provide health care to Jefferson County jail inmates. The contract could be renewed each year. Soon after Health Assurance began receiving payments from Jefferson County, the defendant began receiving monthly payments from Davis & Associates that were funded by Health Assurance. In or about July 2011, the Health Assurance funded payments were made to the defendant by another entity. The payments to the defendant continued until in or about October 2011, when Health Assurance's

Defendant's Initials

contract with the Jefferson County Sheriff's Office ended.

On or about August 31, 2016, agents of the FBI, in furtherance of the investigation, conducted an interview of the defendant at his residence in Jefferson County, Alabama, and served the defendant with a Grand Jury subpoena for records. The defendant, knowing the identity of the agents and the nature of the interview, voluntarily agreed to answer questions regarding his receipt of payments funded by Health Assurance. During the interview, the defendant stated that the monthly payments he received were unrelated to Health Assurance's contracts with Jefferson County. The defendant knew that this statement was false in that he knew the payments he received were directly related to the contracts, and he knew that this false statement was material to the FBI's investigation.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any participant in the scheme may have committed.**

_____
MICHAEL P. GODDARD

### III. RECOMMENDED SENTENCE

Subject to the limitations in paragraph VIII regarding subsequent conduct and pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the government will recommend the following disposition:

Defendant's Initials _____

(a) That the defendant be awarded an appropriate reduction in offense level for acceptance of responsibility;

(b) That the defendant be sentenced to a term of probation as determined by the Court;

(c) That, if the defendant is determined to be financially able, he pay a fine within the range contemplated by the advisory United States Sentencing Guidelines range as that is determined by the court on the date that the sentence is pronounced; and

(d) That the defendant pay a special assessment fee of $100, said amount due and owing as of the date sentence is pronounced.

## IV. <u>WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF</u>

In consideration of the recommended disposition of this case, I, MICHAEL P. GODDARD, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or

Defendant's Initials ___

sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255.

The defendant reserves the right to contest in an appeal or post-conviction proceeding the following:

    (a)    Any sentence imposed in excess of the applicable statutory maximum sentence(s);

    (b)    Any sentence imposed in excess of the guideline sentencing range determined by the court at the time sentence is imposed; and

    (c)    Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the Federal Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

I, MICHAEL P. GODDARD, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs,and

that I am knowingly and voluntarily entering into this waiver.

_____
MICHAEL P. GODDARD

## V. UNITED STATES SENTENCING GUIDELINES

Defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in United States v. Booker, the federal sentencing guidelines are advisory in nature. Sentencing is in the Court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the government's recommendation. Further,

the defendant understands that if the Court does not accept the government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII. VOIDING OF AGREEMENT

The defendant understands that should the defendant move the Court to accept the defendant's plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or tender a plea of *nolo contendere* to the charges, this agreement will become NULL and VOID. In that event, the Government will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein.

## VIII. SUBSEQUENT CONDUCT

The defendant understands that should the defendant violate any condition of pretrial release or violate any federal, state, or local law, or should the defendant say or do something that is inconsistent with acceptance of responsibility, the United States will no longer be bound by its obligation to make the recommendations set forth in paragraphs IV and V of the Agreement, but instead, may make any recommendation deemed appropriate by the Acting United States Attorney in his sole discretion.

## IX. OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement DOES NOT

**BIND** any other United States Attorney in any other district, or anyother state or local authority. The Acting United States Attorney for the Northern District of Alabama agrees not to prosecute the defendant for any additional offenses arising from the investigation of the payments the defendant received described in the factual basis section of this Plea Agreement.

## X. COLLECTION OF FINANCIAL OBLIGATION

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant also will promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs. The defendant also agrees that the defendant's financial statement and disclosures will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

Defendant's Initials

## XI. AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors which may constitute or relate to relevant conduct. The United States Attorney's Office is not aware of any relevant conduct outside of the factual basis that would affect the calculation of the advisory sentencing guidelines range. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any.

## XII. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending

Defendant's Initials ____

or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

Defendant recognizes that pleading guilty may have consequences with respect to immigration status if is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including attorney or the district court, can predict to a certainty the effect of conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that plea may entail, even if the consequence is automatic removal from the United States.

## XIII. **DEFENDANT'S UNDERSTANDING**

I have read and understand the provisions of this agreement. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self incrimination, and to the presumption

Defendant's Initials _____

of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here:

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this Agreement, both individually and as a total binding agreement.

_11/26/17_  
DATE

_[signature]_  
MICHAEL P. GODDARD  
Defendant

## XIV. COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that he understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea on the terms and conditions set forth herein.

1/26/17
DATE

ANTHONY JOSEPH
Defendant's Counsel

## XV. GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this Agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

JOYCE WHITE VANCE
United States Attorney

2/21/17
DATE

GEORGE A. MARTIN, JR.
Assistant United States Attorney

Defendant's Initials